IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Timothy Mullins, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-CV-2345 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company and Blatt, Hasenmiller, Leibsker & Moore, LLC, an Illinois limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Timothy Mullins, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violates the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

**PARTIES**

3.   Plaintiff, Timothy Mullins ("Mullins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which he allegedly owed for a credit card.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is an Illinois limited liability company, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts that it did not originate. Defendant Blatt operates a regional debt collection law firm and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies and law firms. Defendant PRA's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

7. Defendants PRA and Blatt are both authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary

of State, attached as Group Exhibit A.  In fact, both Defendants conduct business in Indiana.

8. Defendant PRA is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant PRA acts as collection agency in Indiana.

## FACTUAL ALLEGATIONS

9. Mr. Mullins fell behind on paying his bills, including a debt he allegedly owed for a Synchrony Bank credit card.  Sometime after that debt became delinquent, Defendant Blatt sent Mr. Mullins an initial form collection letter, dated July 18, 2016.  This collection letter stated:

> CURRENT CREDITOR: Portfolio Recovery Associates, LLC
> ORIGINAL CREDITOR: SYNCHRONY BANK

The letter later stated: "Please be advised that this firm represents the above named creditor".  A copy of Defendants' letter is attached as Exhibit C.

10. Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor and which "creditor" it was representing, or whether it was representing both.  Plaintiff is informed through counsel that Defendant PRA likely bought the debt at issue after default and that Defendant Blatt was representing only PRA.  Thus, Defendants letter failed to state effectively the name of the creditor to whom the debt is owed.

11. A simple statement Blatt represented PRA and that PRA was the creditor to whom the debt was owed would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

12. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Mullins with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16. Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed. See, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS

4

68079 (N.D. Ill. 2012); <u>Braatz v. Leading Edge Recovery Solutions</u>, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

17.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18.     Plaintiff, Timothy Mullins, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to a Synchrony Bank credit card, via the same form collection letter (Exhibit <u>C</u>), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Mullins, in their attempts to collect delinquent consumer debts from other consumers.

20.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Mullins.

21.     Plaintiff Mullins's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Mullins will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Mullins has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Timothy Mullins, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Mullins as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4.   Enter judgment in favor of Plaintiff Mullins and the Class, and against Defendants PRA and Blatt, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Timothy Mullins, individually and on behalf of all others similarly situated, demands trial by jury.

                                           Timothy Mullins, individually and on behalf of all others similarly situated,

                                           By: /s/ David J. Philipps
                                           One of Plaintiff's Attorneys

Dated:  July 11, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

7